UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Larry R. Mailhot,
     Plaintiff

     v.                                  Case No. 12-cv-103-SM
                                            Opinion No. 2013 DNH 103

American Red Cross,
     Defendant

**O R D E R**

Pro se plaintiff, Larry Mailhot, brings this action against the American Red Cross ("ARC"), seeking damages for injuries he says he suffered when he donated blood platelets at an ARC donation center. Mailhot claims to have sustained permanent injuries, including nerve damage, as a result of ARC's negligent placement of a needle in his right arm. ARC moves for summary judgment, on grounds that Mailhot has failed to disclose an expert witness and, under applicable state law, that failure is fatal to his medical negligence (malpractice) claims.

For the reasons stated, the court is constrained to agree that, as a matter of law, Mailhot cannot sustain his burden of proof without a medical expert. Accordingly, ARC's motion for summary judgment is necessarily granted.

## Standard of Review

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Mailhot has not objected to ARC's motion for summary judgment.[1] Accordingly, the court will take as admitted the factual statements recited in that motion, as supported by the attached exhibits. See Local Rule 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the

---

[1] On May 3, 2013, Mailhot filed an assented-to motion, seeking additional time (until June 7) to object to ARC's motion for summary judgment. The court granted that motion, but Mailhot never filed an objection.

adverse party."). <u>See also</u> <u>Cordi-Allen v. Halloran</u>, 470 F.3d 25, 28 (1st Cir. 2006); <u>McCrory v. Spigel (In re Spigel)</u>, 260 F.3d 27, 31 (1st Cir. 2001). It does not, however, "automatically follow" that ARC is entitled to summary judgment. <u>Stonkus v. City of Brockton Sch. Dep't</u>, 322 F.3d 97, 101 (1st Cir. 2003). The court must still determine whether the uncontested facts presented by ARC, when viewed in the light most favorable to Mailhot, entitle ARC to judgment as a matter of law. <u>Id</u>. at 102 (citing Fed. R. Civ. P. 56(e)).

## Background

On February 25, 2010, Mailhot donated platelets at an ARC donation center in Manchester, New Hampshire. As part of that process, he reviewed and signed both a generic blood donor consent form and a more specific informed consent form for apheresis blood collection. <u>See</u> Exhibits B1 and B3 to Defendant's Memorandum (documents no. 14-5 and 14-7). Both documents advised him of the risks associated with blood donations, which included the rare possibility of nerve or arterial damage.

The procedure lasted about 90 minutes, during which an ARC phlebotomist checked on Mailhot three times. Each time, she checked a box on a form that reported Mailhot was "ok." <u>See</u>

Apheresis Procedure Record (document no. 14-6) at 3.  At his
deposition, Mailhot testified that when he left the donation
center, he felt "great."  Deposition of Larry Mailhot (document
no. 14-3) at 77.  Subsequently, however, Mailhot began
experiencing pain in his right arm.  He says his primary care
physician referred him to a specialist in the Department of
Neurology at Dartmouth Hitchcock Manchester.  See Complaint at
para. 16.  Moreover, says Mailhot, he "received no physical
relief from the right arm pain or function [sic] resulting from
medical treatments."  Id. at para. 17.  Importantly, however, he
does not describe how (or even whether) the consulting specialist
diagnosed his injury, nor does he assert that the specialist
concluded there was a causal relationship between the injury and
ARC's alleged negligence.

     Construed in the light most favorable to Mailhot, the
complaint advances three common law negligence (medical
malpractice) claims: first, that employees or agents of ARC
negligently inserted a needle into his right arm, which resulted
in permanent and painful nerve injury; second, that ARC failed to
adequately warn him of the potential risks associated with
donating platelets - that is to say, he did not give "informed
consent" to the procedure; and, finally, that ARC negligently
trained the phlebotomist who inserted the needle into his arm.

**Discussion**

New Hampshire law provides that in any "action for medical injury" against a "medical care provider," the plaintiff:

> shall have the burden of proving by affirmative evidence which <u>must include expert testimony</u> of a <u>competent witness</u> or witnesses:
>
> > (a) The standard of reasonable professional practice in the medical care provider's profession or specialty thereof, if any, at the time the medical care in question was rendered; and
> >
> > (b) That the medical care provider failed to act in accordance with such standard; and
> >
> > (c) That as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred.

N.H. Rev. Stat. Ann. ("RSA") 507-E:2, I (emphasis supplied). Similarly, if a plaintiff asserts that "a medical care provider failed to supply adequate information to obtain the informed consent of the injured person," that claim, too, must be supported by expert witness testimony.  RSA 507-E:2, II.  Should a plaintiff fail to disclose such an expert, he cannot sustain his burden of proof and his claims are subject to summary disposition.  <u>See, e.g.</u>, <u>Dent v. Exeter Hosp., Inc.</u>, 155 N.H. 787 (2007) (affirming trial court's entry of summary judgment in favor of defendant, based on fact that plaintiff failed to disclose an expert witness); <u>Bissett v. Renna</u>, 142 N.H. 788

(1998) (affirming dismissal of medical negligence claim for failure to provide competent expert witness testimony).

So it is in this case.  Mailhot has not disclosed an expert medical witness to support his medical malpractice claims against ARC.  The time for disclosing expert witnesses lapsed more than five months ago and Mailhot never sought to extend that deadline. Consequently, as a matter of New Hampshire law, ARC is entitled to summary judgment on all claims advanced in Mailhot's complaint.

Parenthetically, the court notes that neither party has addressed whether ARC is a "medical care provider," as defined in RSA 507-E:1, II (thereby implicating the expert witness requirements set forth in RSA 507-E:2).  But, even if ARC does not meet that statutory definition, the resolution of its motion for summary judgment remains the same.  In short, Mailhot claims he was the victim of medical malpractice when an ARC phlebotomist negligently inserted a needle into his right arm.  Even absent the statutory requirements of RSA ch. 507-E, he would still be required to introduce expert medical testimony to prove his case, since determining whether the phlebotomist violated the relevant standard of care and proximately caused Mailhot's injuries is "plainly beyond the knowledge and experience of a lay jury; it

6

requires the application of special experience and training."
<u>Brann v. Exeter Clinic, Inc.</u>, 127 N.H. 155, 159 (1985) (citing
<u>Michael v. Roberts</u>, 91 N.H. 499, 501 (1941)).  <u>See also</u> <u>Martin v.</u>
<u>Wentworth-Douglass Hosp.</u>, 130 N.H. 134 (1987) (affirming trial
court's dismissal of malpractice claims arising out of
phlebotomist's alleged negligence, when plaintiff failed to
produce expert testimony on the issues of negligence and
causation at trial).

### Conclusion

For the foregoing reasons, as well as those set forth in
defendant's memorandum, ARC's motion for summary judgment
(document no. 14) is granted.


The Clerk of Court shall enter judgment in accordance with
this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 25, 2013

cc:  Larry R. Mailhot, pro se
     CharCretia V. Di Bartolo, Esq.
     Geoffrey M. Coan, Esq.
     Paula-Lee Chambers, Esq.

7